# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**DEWAYNE L. LILES,**

    **Plaintiff,**

**v.**                                                      Case No. 3:19cv494-RV-EMT

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____

## MOTION TO QUASH OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant, the United States of America, by and through the undersigned Assistant United States Attorneys for the Northern District of Florida, submits this motion to quash or in the alternative, for protective order regarding Plaintiff's Rule 30(b)(6) notice to Defendant. In support, Defendant states as follows:

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

1. Plaintiff filed this civil action for declaratory judgment on March 14, 2019. (Doc. 1). Plaintiff seeks a declaratory judgment that the Federal Bureau of Prisons ("BOP") operating the Federal Prison Camp located in Pensacola, Florida ("FPC Pensacola"), has a "policy" for the use of overtime that violates the Fair Labor

Standards Act ("FLSA"), 5 C.F.R. § 551.531.

2. On May 22, 2019, Defendant filed a motion to dismiss for failure to state a claim and for lack of jurisdiction. (Doc. 8). Plaintiff filed a response in opposition (Doc. 9), and this Court denied the motion on July 15, 2019 (Doc. 10).

3. Thereafter the parties engaged in discovery. The current discovery deadline is March 1, 2020. (Doc. 12).

4. Plaintiff was deposed on December 9, 2019.

5. Defendant served objections and responses to Plaintiff's written discovery requests on December 13, 2019. The parties conferred about Defendant's objections via multiple e-mails and over the phone on February 5, 2020.

6. On February 12, 2020, Defendant served supplemental responses and objections to Plaintiff's discovery requests. (*See* Ex. A). In its supplemental responses, Defendant proposed several compromises to more narrowly tailor the requests to the relevant issues proportionate to the needs of this case. (*See id.*). Plaintiff never responded to Defendant's proposed compromises.

7. Plaintiff noticed the Rule 30(b)(6) deposition of Defendant for February 27, 2020 and February 28, 2020. The notices seek many of the same documents to which Defendant previously objected and proposed compromises. (*See* Ex. B).

8. On February 13, 2020, Defendant served objections and responses to

Plaintiff's Rule 30(b)(6) notice.  (*See* Ex. C).  Defendant's objections were limited to the requests for production included in the notice; Defendant did not object to the topics for deposition.  (*See* Ex. D).  Counsel for Defendant suggested that the parties confer on February 14, 2020.  (*See* Ex. C).

9. Counsel for Plaintiff did not respond to the suggested conferral or Defendant's proposed compromises.  Instead, on February 14, 2020, Plaintiff filed a motion to compel discovery.  (Doc. 26).

10. Also on February 14, 2020, Defendant filed a motion for summary judgment because there is no genuine issue of material fact that Plaintiff fails to meet the requirements of the Declaratory Judgment Act and there is no "policy" on overtime at FPC Pensacola that violates the FLSA.  (*See* Doc. 27).

## ARGUMENT

The Court should quash and limit the requests for production in Plaintiff's Rule 30(b)(6) notice and/or enter a protective order protecting Defendant from producing additional documents.  Defendant does not object to giving testimony on the topics proposed in Plaintiff's Rule 30(b)(6) notice; Defendant's objections apply solely to the Rule 30(b)(6) document requests and corresponding requests for production, as set forth below.

I.     **Case overview.**

This case hinges on Plaintiff's unfounded assertion that FPC Pensacola has a "policy" on overtime that violates the FLSA because such "policy" "forc[es] [Plaintiff] to accept comp time as part of any overtime offerings . . . ." (Doc. 1 ¶ 1). But as Defendant's motion for summary judgment makes clear and the undisputed evidence now shows (*see* Doc. 27), Plaintiff cannot prevail on his declaratory judgment claim.  Simply put, there is no policy on overtime in Plaintiff's department and Plaintiff admitted during his deposition that he (1) has never been required to work overtime, (2) has never been pressured to accept compensatory time in lieu of paid overtime, and (3) is not aware of anyone in his department who has ever been forced to work overtime and accept compensatory time in lieu of paid overtime. (*See id.*).

Moreover, overtime is not offered in Plaintiff's department on a regular or consistent basis.  Rather, the **only circumstances** in which compensatory time has been offered is for the limited purpose of helping employees "catch up" on case file reviews that should otherwise be completed during normal business hours. (Doc. 26 at 12-13).  In those limited situations where employees have volunteered to work hours outside of their normal work week in preparation for file reviews, those employees also volunteered to accept compensatory time for the work. (*Id.* at 5, 9-10, 13).  This process does not violate the FLSA.

## II.     The document requests at issue.

Plaintiff's Rule 30(b)(6) notice to Defendant includes the following document requests, which are duplicative of Plaintiff's Requests for Production Nos. 1-5:

A.   Any and all emails, communications, and correspondence relating to the Pensacola facility subject to this action which address staffing shortfalls, staff shortages, understaffing, or lack of available employees to carry out necessary duties, in the (4) years preceding the filing of this action.

B.   All manuals, policies, procedures, and handbooks relating to the payment of overtime and/or comp time which applied to the Pensacola facility where Plaintiff worked for the (4) years prior to the filing of this action.

C.   For the (4) years prior to the filing of this action, please provide all emails, correspondence, announcements, memos, and other documents pertaining to the formulation and implementation of the overtime/comp time policy in place in the BOP's Pensacola facilities.

D.   Copies of any and all emails, correspondence, announcements, memos, and other documents pertaining to any request by the Plaintiff for overtime at the BOP's Pensacola facilities.

E.   Any and all written complaints, grievances, or other written documentation relating to understaffing at the Pensacola facility subject to this action in the (4) years preceding the filing of this action.

(*See* Ex. B at 5, 10; *see also* Ex. A at 14-21). Defendant responded to Request A with objections and stated it would not produce documents. (Ex. D at 3-4). Defendant responded to Request D and explained that no additional non-privileged documents exist. (Ex. D at 6-7). Defendant proposed compromises to Requests B,

5

C, and E to limit the requests to Plaintiff's unit. (Ex. D at 4-8). Plaintiff did not respond to Defendant's offer to compromise and instead filed a motion to compel. (*See* Doc. 26).

Requests A, B, C, and E are well beyond the scope of permitted discovery in this civil action. These requests broadly seek production of all documents and information related to staffing levels and overtime policies for all departments at FPC Pensacola for the four (4) years prior to this action. That information is simply irrelevant to the claims and defenses in this civil action. Plaintiff seeks an injunction requiring Defendant to restructure its overtime policy prospectively; he does not seek damages for past allegations of unpaid overtime and admits that he has never worked or been required to work overtime. Defendant's future budget and/or staffing needs are entirely independent of its past needs and are entirely contingent on Congressional funding; hence, nothing about the administration of FPC Pensacola's overtime policy in the future is relevant to its staffing levels in the past. In addition, Plaintiff works in the correctional programs department at FPC Pensacola, which does not have an overtime policy and does not regularly approve any overtime, compensatory or paid. The policies and procedures for units outside of Plaintiff's unit have no bearing on the claims and/or defenses in this case.

Moreover, requiring Defendant to produce all of this information is a very burdensome, expensive, and labor intensive task that substantially outweighs any

likely benefit because it would require Defendant to search for, obtain, and review all documents (including emails, correspondence, announcements, memos, policies, procedures, handbooks, complaints, grievances, and other written documentation) related to staffing and overtime for **all job positions** across **all departments** at FPC Pensacola for a period of **four (4) years** prior to this action.  For these reasons, the requests are also not proportional as required by Federal Rule of Civil Procedure 26(b)(1).

The requests seeking information on staffing (including staffing shortfalls, shortages, understaffing, or lack of available employees to carry out necessary duties) (Requests A and E) are also separately improper because production of this information would compromise the security of Defendant's prison operations and the safety of Defendant's employees, the inmates, and the general public.  The requests related to staffing also potentially seek privileged documents, which cannot be produced.  This information is not relevant as discussed *supra*, nor is it proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1).

**III.    Defendant's proposal to limit and quash the Rule 30(b)(6) requests.**

Requests B, C, and E should be limited to Plaintiff's unit for the reasons stated herein, as well as the reasons stated in Defendant's supplemental responses to Plaintiff's discovery requests (*see* Ex. A), and Defendant's objections and responses

to Plaintiff's Rule 30(b)(6) notice (*see* Ex. D).  Defendant proposes that the Court enter an order quashing and limiting Requests B, C, and E to Plaintiff's unit.

Request A cannot reasonably be limited to Plaintiff's unit because of the severe security risk of disclosing any of the requested information related to staffing, staffing shortfalls, shortages, understaffing, or lack of available employees to carry out necessary duties at FPC Pensacola.  Defendant proposes that the Court enter an order quashing Request A in its entirety.

## **CONCLUSION**

For these reasons, the Court should quash Plaintiff's Rule 30(b)(6) document requests and/or enter a protective order protecting Defendant from producing additional documents.

Respectfully submitted,

LAWRENCE KEEFE
United States Attorney

*/s/ Mary Ann Couch*
MARY ANN COUCH
Assistant United States Attorney
Florida Bar No. 0098917
21 East Garden St., Suite 400
Pensacola, FL 32502
(850) 444-4000
mary.ann.couch@usdoj.gov

KATHRYN W. DREY
Assistant United States Attorney
Florida Bar No. 142492
21 East Garden St., Suite 400
Pensacola, FL  32502
(850) 444-4000
Kathryn.Drey@usdoj.gov

**Attorneys for Defendant**

## Local Rule 7.1(b) Certification

Counsel for Defendant has attempted to confer with counsel for Plaintiff but did not receive a response to the request to confer.

## Local Rule 7.1(F) Certification

I HEREBY CERTIFY that the foregoing motion, excluding the case caption and certifications, contains 1582 words based upon Microsoft Word's word count, in compliance with Local Rule 7.1(F).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 14, 2020, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF filing system and served on all counsel of record.

>*/s/ Mary Ann Couch*
>MARY ANN COUCH
>Assistant United States Attorney